IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) 8:13CR |
| | ) |
| vs. | ) INFORMATION |
| | ) [18 U.S.C. § 371] |
| MICHAEL D. HAFFKE, | ) |
| | ) |
| Defendant. | ) |

The United States Attorney Charges:

## COUNT I

### A. The Conspiracy

From on or about January 1, 2000, through on or about December 31, 2007, in the District of Nebraska, the defendant, MICHAEL D. HAFFKE, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree with other individuals both known and unknown to the United States Attorney to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful Government functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of the revenue, to wit: income taxes.

### B. Manner and Means By Which The Conspiracy Was Carried Out

From on or about January 1, 2000, through on or about December 31, 2007, the defendant, MICHAEL D. HAFFKE, participated in a conspiracy designed to hide or remove his name from income producing assets and to attempt to evade personal tax liabilities. It was a part of the conspiracy that the defendant created in excess of 40 nominee entities in order to purport to claim ownership of assets that were actually owned and controlled by the defendant. It was a further part of the conspiracy that the defendant attempted to reduce his personal income by creating a business partnership and causing the partnership to claim expenses that were not legitimately incurred in order to reduce the partnership income that would be taxable to him, in that the defendant and his co-conspirators caused the business partnership to purport to lease equipment, real estate and improvements from the nominee entities and to deduct such expenses from the gross income on the partnership's tax returns. It was a further part of the conspiracy that the defendant agreed with other

1

co-conspirators to have the co-conspirators and other individuals claim ownership of the nominee entities, to create and maintain bank accounts for nominee entities, to disburse funds in such a manner that they could be used by the defendant without creating a paper trail to him, to fail to file tax returns for his nominee entities, and to fail to timely file his own personal tax returns, all for the purpose of assisting the defendant's attempt to conceal his personal income from the IRS.

### C. Overt Acts

In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts were committed in the District of Nebraska and elsewhere:

1. On or about January 1, 2000, the defendant, MICHAEL D. HAFFKE, falsely advised his tax return preparer that he had sold his business, Haffke's Landscape and Stone, and all related assets when, in fact, the defendant still owned and controlled the business and its assets.

2. On or about January 5, 2000, the defendant purported to transfer all of the business assets of Haffke's Landscape and Stone, including vehicles, equipment and real estate, to entities called Fortress Management, Ideal Enterprises, and Black Lab Enterprises. The defendant thereafter provided copies of bills of sale to his tax return preparer.

3. On or about December 31, 1999, the defendant paid an attorney to open a bank account at Compass Bank, fna Firstier Bank, in Colorado for Continental Management, an unincorporated business operation.

4. On January 3, 2000, the defendant filed and caused to be filed a Certificate of Limited Partnership with the Secretary of State's Office in Nebraska for The Rock Place, L.P., with the defendant listed as the general partner. The defendant caused the certificate to be amended on December 14, 2000 to list the general partners as the defendant and Four Corners Investment Holdings, LLC. The defendant caused a second amendment to be filed on December 22, 2000 to list the general partner as just Four Corners Investment Holdings, LLC. The defendant signed the certificate for the general partner using the fictitious name of Larry Frost.

5. On January 5, 2000, the defendant caused a Warranty Deed to be filed with the Register of Deed's Office in Douglas County, Nebraska transferring property known as 3205 S. 204th Street from the defendant to Fortress Management as trustee for Western View Holdings.

6. On March 10, 2003, the defendant caused the real estate known as 3205 S. 204th Street to be sold to a third party. The defendant received a cashier's check made payable to Western View Holdings in the amount of $466,200.58 as part of the proceeds of said sale. This cashier's check was endorsed by the defendant with a notation "Reassign to Continental Management" and was deposited by the defendant into the Colorado bank account for Continental Management on March 11, 2003.

7. On September 9, 2004, the defendant paid an attorney in Colorado to open another nominee bank account for him in the name of Bitter Root Management. The defendant was not listed as a signor on the account.

8. On October 18, 2005, the defendant paid an attorney in Colorado to open another bank account in the name of Marc Anthony Management with only the attorney having signature authority.

9. On various dates in 2003 through 2007, the defendant directed the attorney in Colorado to sign or cause to be signed blank checks on the accounts of Continental Management, Bitter Root Management and Marc Antony Management and to have those checks sent to the defendant in Nebraska for his personal and business use.

10. On or about May 17, 2007, the defendant sent a letter to Gateway Bank advising the bank that the IRS did not have authority to issue a summons to the bank for production of records relating to The Rock Place, and further directing the bank not to respond to the summons.

11. On March 6, 2007, the defendant requested the attorney in Colorado to transfer $400,000 from the Continental Management account at Compass Bank to an account at BNF Gladius Management, a precious metals investment company.

12. In April of 2007, the defendant and a co-conspirator dissolved the partnership called The Rock Place, LP and formed and subsequently filed Articles of Organization for The Rock Place, LLC in the State of Florida.

13. In 2007, the defendant caused co-conspirators to form TLD Management, Cerulean LLC, and Loadstone Investments LLC to replace nominee entities that were previously used. Bank accounts were opened for said entities and the defendant's co-conspirators were listed as the persons with signature authority.

14. On April 18, 2007, the defendant caused the attorney in Colorado to transfer $261,551.21, consisting of all remaining funds in the Continental Management, Bitter Root Management, and Marc Anthony Management accounts at Compass Bank, to an account at BNF Gladius Management. The defendant then caused the aforesaid accounts at Compass Bank to be closed.

15. From on or about January 1, 2003 through on or about April 15, 2009, the defendant worked at The Rock Place under the name of Tom Anderson.

16. Throughout 2003 through 2007, an unnamed co-conspirator wrote checks from The Rock Place account to various nominee entities created by the defendant for fictitious lease and/or loan payments. For 2003, 2004, 2005, 2006, and 2007, these amounts totaled $281,842.05, $517,398.68, $478,249.11, $409,315.20, and $292,740.00 respectively. The majority of the payments for 2003 through 2006 were deposited into the Compass Bank accounts for Continental Management, Bitter Root Management and Marc Anthony Management. The majority of the payments for 2007 were deposited into the accounts for TLD Management, Cerulean LLC, and Loadstone Investments LLC.

17. From 2003 through 2007, but excluding 2006, an unnamed co-conspirator provided the false expenses listed in paragraph 16 above to the tax return preparer for The Rock Place to be used in preparing the Form 1065 Partnership Tax Returns for The Rock Place.

In violation of Title 18, United States Code, Section 371.

UNITED STATES OF AMERICA,

DEBORAH R. GILG
United States Attorney

By: DOUGLAS R. SEMISCH
Assistant U.S. Attorney

   The United States of America requests that trial of this case be held at Omaha, Nebraska, pursuant to the rules of this Court.

                  */s/ Douglas R. Semisch*
                  DOUGLAS R. SEMISCH
                  Assistant U.S. Attorney