IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:13 CR 35 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| v. | ) | |
| | ) | |
| MICHAEL HAFFKE, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

The Defendant, Michael Haffke, is pending sentencing before the Court after a plea of guilty to conspiracy to defraud the united states in violation of 18 U.S.C. § 371. The Presentence Investigation Report ("PSR") has assigned Mr. Haffke a total adjusted offense level of 19 and a Criminal History Category of II, yielding an advisory guideline sentencing range of 33 to 41 months. There is no mandatory minimum sentence. The parties, in the plea agreement, agree that the total offense level should be 16 and not 19. The Probation officer has noted multiple grounds for a non-guideline sentence.

## ARGUMENT

**A DEVIATION FROM THE SENTENCING GUIDELINES IS APPROPRIATE IN MR. HAFFKE'S CASE BASED UPON THE FACTORS IN 18 U.S.C. § 3553(a).**

Following the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738, 756-57 (2005), federal sentencing is a discretionary exercise governed by 18 U.S.C. § 3553(a). Under § 3553(a), a sentencing court "shall impose a sentence sufficient, but not greater than necessary," to comply with its purposes, which include the nature and seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to provide just punishment, to deter, to protect the public, and to provide

needed educational or vocational training or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1) - (7).  In this case, a below guideline sentence is "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a).

Under § 3553(a), the Court must consider the nature and circumstances of the offense, along with the history and characteristics of the defendant, in fashioning an appropriate sentence.  In this case, those factors weigh in favor of a sentence of probation.

Mr. Haffke is 50 years old, currently single, and runs his own company.  Factors that the court should consider in this case are Mr. Haffke's plea agreement, his cooperation, his need for educational assistance, and his lack of criminal history.

**Plea Agreement**

Pursuant to the plea agreement, the parties have agreed that Mr. Haffke's total adjusted offense level prior to any cooperation consideration ought to be a level 16. Assuming the court finds probation's criminal history category II assessment to be correct, the resulting guideline range is 24-30 months.  The parties carefully crafted the plea agreement and agreed that pursuant to U.S.S.G. § 5K2.0 the basis for the additional reduction was that Mr. Haffke provide proof to the IRS that his back taxes have been paid. Mr. Haffke met with the IRS and his accountant prior to the filing of this case and made the necessary restitution.  **PSR ¶¶ 117, 120**  Based on Mr. Haffke's compliance with the agreement and verification that restitution has been paid in full, the appropriate offense level is 16.  Probation noted no objection to this re-calculation provided the conditions were satisfied. **PSR ¶ 121**

**Criminal History**

Probation has found that the appropriate criminal history category is Category II. The entirety of Haffke's criminal history is one offense from October of 2003 in which Mr. Haffke pleaded guilty to a misdemeanor possession of a forgery device in Scottsdale, Arizona. **PSR ¶ 73** He was placed on probation for 6 months and was satisfactorily discharged. Probation assessed 1 point for the conviction. Additionally, 2 points were assessed for committing the instant offense while on probation in Arizona pursuant to U.S.S.G. § 4A1.1(d). Mr. Haffke has objected appropriately in the PSR.

First in reviewing U.S.S.G. § 4A1.2(c)(1) and (c)(2), specific offenses are enumerated that either never count for criminal history, or, only count under certain circumstances. Two of the listed offenses are: false information to a police officer, and insufficient funds checks. The present offense is similar to the offenses enumerated. Essentially, Mr. Haffke provided invalid International Identification cards during a traffic stop. When interviewed at the time he stated "I will not answer your questions because you have no jurisdiction." The reason that this statement is important is that it reflects exactly the effect the Patriot Organization was having on Haffke. **PSR ¶ 50** The acquiring of false identification was on the advise of this organization and Haffke's mind set, as evidenced by his statement to law enforcement at the time, was such that it's clear Haffke wasn't using a fake identification for ongoing criminal purposes. He had the identification on the advice of his financial advisor and attorney at the time.

Depending on the inception date of this case Haffke began moving assets, on the advice of counsel and financial advisors, in 2000. However, it wasn't until 2003 that this conspiracy began to take true form. Throughout the years Haffke was manipulated by

3

people in positions of trusted confidence to defraud the government.  Originally, Haffke relied on their advice and believed his conduct was completely legal.

As such, Haffke's criminal history is substantially over stated.  Had he not been involved with this Patriot Organization, Haffke would have zero criminal history.  Under these circumstances it is appropriate for the court to find a criminal history category I resulting in a guideline range of 21-27 months.

**18 U.S.C. § 3553(a)(1) - (7)**

**Nature and Seriousness of the Offense**

There is no doubt that this offense is serious.  This Ponzy scheme certainly had impact on a national if not a potentially global scale.  The Patriot Organization sought out individuals with substantial assets and used scare tactics to encourage them to invest their money.  They had speakers who claimed to be former IRS agents explaining that there is no duty to pay taxes.  The Patriot Organization had financial advisors claiming that you could move your assets into various corporations or tax shelters and lawfully not pay taxes. There were attorneys involved giving bad legal advice and committing malpractice, if not fraud.  Haffke listened to these 'advisors'.  They appeared to have all the necessary credentials.  He admits he wanted to pay less in taxes like all citizens do; but, he believed he was doing so legally.

Haffke met with his business partner, Mr. Blue, who helped Haffke put his assets in an LLC.  An accountant became involved and transferred Haffke's assets into these dummy corporations.  Haffke then hired attorney David Nich to represent him and advise him on the legalities.  David Nich has since been disbarred and was clearly scamming

4

Haffke along with the business partner and accountant.  In about 2005 Haffke realized his assets were gone and made efforts to recover them.  Although he recovered his money he again placed his trust in the wrong advisors.  The lawyer, accountant, and business partner stole Haffke's money.  These were the same people who were telling him which forms to sign and telling him what the documents said.

When the scam of the 'patriot organization' came to light Haffke retained Mr. Schaefer as an attorney.  Mr. Schaefer helped Haffke obtain a reputable accountant and the efforts to rectify this fraud began.  Haffke worked with the accountant to repair every penny owed to the IRS.  Through his Attorney, Mr. Schaefer, he reached out to the US Attorney's office in an effort to mitigate the situation.  Haffke finally realized that what he had believed and the advice he had followed was illegal.  The total amount of unpaid taxes was $ 422,350.00 which has been repaid with all the penalties.


**History and Characteristics of the Defendant**

Mr. Haffke is 50 years old, single, and has no dependants.  Haffke was born and raised in Omaha, Nebraska.  Haffke's mother passed away in 2005 from emphysema.  He continues to have a close relationship with his father who works in Omaha as a carpenter and his older brother who is also a carpenter in Omaha.  Haffke has joined a group "fresh start" in Omaha to help him work on his relationship deficits that got him into this position.  Probation spoke to Haffke's fiancé and she reported all the difficulties he has had in firing people, placing his trust in them, and ultimately being scammed.  She states that Haffke

cares for a wheelchair bound friend and takes him to his doctors appointments; as well as financially and emotionally supports her family.  **PSR ¶ 88**

Haffke is a trusting man that works hard but makes poor choices regarding who to trust.  A factor in his decision making will be discussed in the next section regarding an educational need.

**Educational and Vocational Training**

Haffke has struggled with reading his entire life.  Although he graduated from Northwest Highschool in 1981, Haffke has had no further education.  During his PSR Haffke stated that as an adult he has taken courses to work on his reading skills but mostly relies on others when reviewing documents and paperwork.  This reading issue appears to be evident with his father and brother as well.  **PSR ¶ 93-94**  By third grade Haffke was being tested for reading issues and only showed an aptitude of grade 1.7.  He underwent eye surgery around this time which may have compounded the problems.  He had a tutor in grade school 3 times a week.  School records report that he struggled with substitutions, reversals, and issues associating letters with the sounds.  **PSR ¶ 94**  By 8th grade Haffke was still struggling and tested at a 2.8 grade level ability.  In junior high he was referred to a psychologist that put him in a program called DRC (Development Resource Center). This program was designed to improve his perception and visual skills.  **PSR ¶¶ 96-97**

Despite Haffke's significant reading issues and educational limitations, he has developed a successful company, The Rock Place.  His ability to run this company successfully relies on his face to face connections and placing trust in those around him to explain written documents.    His associate handles the written work and explains

6

documents to him.  Haffke would benefit greatly from probation that focused on his educational and reading needs.  Essentially, Haffke is still relying on lawyers and accountants to guide him in the proper management of his business.  This puts him at risk to fall prey to future organizations just like the 'patriot organization'.  If sentenced to probation Haffke will have the proper guidance on decision making and someone to help him pick honest advisors that won't abuse his confidence.  Probation will also allow him to find avenues to improve his reading skills so that he can comprehend documents without relying on others to explain them.

**Just Punishment, Deterrence, Protecting the Public**

These three categories within 3553a can be reviewed as one.  Haffke is no threat of violence or danger to the public.  He knows what he did was wrong and has made every effort to make it right.  Certainly in light of this prosecution he has learned that he must consider who he believes and who he trusts.  He cannot trust someone just because they are a professional.  Unfortunately, Haffke is learning a very difficult lesson; 'if something seems to good to be true it probably is'.

Haffke has made full restitution which restores the public and replenishes the money that he failed to contribute.  Placing Haffke on probation would ensure that he does not get into another situation where he trusts the wrong people.  Probation can monitor Haffke, they can help him place his trust in professionals who are not criminals themselves, and assist him with his reading issues so that he can grow as a person and comply with the laws on his own.  Working on his reading needs will give Haffke the tools to ensure that he has the ability to make good choices and know for sure whether what he is doing is legal.

7

Haffke's conduct while this case has been pending shows that he is committed to protecting the public.  He has cooperated with law enforcement which resulted in the indictment of several people participating in this 'patriot organization' ponzy scheme.[1]

## CONCLUSION

For the above stated reasons Haffke requests that the court deviate from the guidelines and place him on probation.

Respectfully submitted,

Michael Haffke, Defendant,


By:    s/ Jessica P. Douglas
**JESSICA P. DOUGLAS**
**Attorney at Law**
**Schaefer Shapiro**
1001 Farnam St. 3rd Floor
Omaha, NE 68102
Jdouglas@theomahalawyers.com
(402) 341-0700


## Certificate of Service

I hereby certify that on May 18, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Doug Semisch, Assistant United States Attorney, Omaha, NE; and Julie Voss, U.S. Probation Officer, Omaha, NE.

s/ Jessica P. Douglas

---

[1] Counsel will provide copies of recent newspaper articles to chambers.

8